STATE OF CONNECTICUT *v.* RAYMOND W. GREEN

REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 9, 1967

*James D. Cosgrove,* public defender, for the defendant.

*John D. LaBelle,* state's attorney, for the state.

BY THE DIVISION. The defendant, forty-four years of age, pleaded guilty to the charge of breaking and entering with criminal intent, in violation of § 53-76 of the General Statutes, which prescribes imprisonment for not more than four years. The court imposed a sentence of not less than three years nor more than four years in state prison. A larceny charge was nolled.

On July 14, 1966, the defendant broke into a market in Manchester and took a ham and several packages of cigarettes. At the time this offense took place, the defendant was on parole from the state prison.

Defendant's prior criminal record is bad. In 1949, the defendant was convicted of theft and robbery with violence. In 1955, he was convicted of obtaining unemployment compensation by false statement and tampering with a motor vehicle, and subsequently served sixty days for violation of probation. In 1958, he was convicted of breaking and entering with criminal intent. Again in 1963, he was convicted of breaking and entering with criminal intent. These convictions are the basis for three previous commitments to the state prison. In 1949, the defendant was sentenced to the state prison for not less than two nor more than four years. In 1958, he was sentenced to the state prison for not less than two nor more than five years. In 1963, he was again sentenced to the state prison for not less

than three nor more than four years. The sentence which we are now considering is the defendant's fourth sentence to the state prison.

The probation report indicates that the defendant's criminal activities have been largely precipitated by drinking, restlessness and inability to keep a job. All previous attempts at rehabilitation have failed. Defendant has not learned from his past mistakes but has become an incorrigible criminal. As the state's attorney said, "It would seem that this man has very little regard or respect for the laws under which we operate."

The defendant's prior criminal record and his inability to reform left the sentencing judge no alternative other than confinement in the state prison. The term, on the basis of a fourth felony conviction, was eminently fair and just and must stand.

PALMER, BARBER and KLAU, Js., participated in this decision.